IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM L. GLASSCOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09cv1161-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act. The ALJ, therefore, denied the plaintiff's claim for benefits. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge. The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A. Introduction.**  The plaintiff was 32 years old at the time of the hearing before the ALJ and has a high school education.  (R. 22).  Following the hearing, the ALJ concluded that the plaintiff has severe impairments of "IBS [Irritable Bowel Syndrome], history of

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

migraine headache disorder, history of alcohol and polysubstance abuse and dependence,[4] anxiety disorder, history of closed head injury (occurred in 1993), and multiple schmorl's nodes in the lower thoracic and upper lumbar spine." (R. 14) (footnote added). His prior work experience includes work as a "Control Panel Monitor . . . and Server." (R. 16). Following the hearing, the ALJ concluded that the plaintiff could return to his past relevant work, and thus, he is not disabled. (R. 17).

  **B. Plaintiff's Claims.**  The plaintiff presents a single issue for the court's review. As stated by the plaintiff, the issue is "[w]hether the ALJ erred by failing to properly apply the pain standard to Plaintiff's allegations of disabling symptoms associated with Irritable Bowel Syndrome." (Pl's Br., doc, # 11, at 2 & 5).

### IV. Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to his past work. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720

---

[4] The ALJ specifically found that "[t]he issue of alcohol or polysubstance use, abuse, and/or dependence, reference a history, thereof, or current use (marijuana) is non-material to all impairments." (R. 14). Because the ALJ determined that Glasscock was not disabled, the ALJ, in accordance with the regulations, did not consider whether Glasscock's alcoholism or substance abuse was a contributing factor. *See* 20 C.F.R. § 404.1535.

F.2d 1251 (11th Cir. 1983).  The court must scrutinize the record in its entirety to determine the reasonableness of the ALJ's decision. *See Walker,* 826 F.2d at 999.  The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review.  *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981).  The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added).

Glasscock contends that the ALJ failed to properly apply the pain standard to his symptoms and failed to articulate sufficient reasons for discrediting his testimony.  As explained below, the ALJ did not fully credit Glasscock's testimony.  Given the way the plaintiff presents the issue, the court will first discuss this circuit's pain standard. "Subjective pain testimony supported by objective medical evidence of a condition that can reasonably be expected to produce the symptoms of which the plaintiff complains is *itself* sufficient to sustain a finding of disability." *Hale v. Bowen*, 831 F.2d 1007 (11th Cir. 1987). The Eleventh Circuit has established a three-part test that applies when a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms. *Landry v. Heckler,* 782 F.2d 1551, 1553 (11th Cir. 1986); *see also Holt v. Sullivan*, 921 F.2d

1221, 1223 (11th Cir. 1991).  This standard requires evidence of an underlying medical condition *and either* (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (2) an objectively determined medical condition of such severity that it can reasonably be expected to give rise to the alleged pain.  *Landry,* 782 F. 2d at 1553.  In this circuit, the law is clear.  The Commissioner must consider a claimant's subjective testimony of pain if he finds evidence of an underlying medical condition and the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.  *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry*, 782 F.2d at 1553.  Thus, if the Commissioner fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, the Commissioner has accepted the testimony as true as a matter of law.  This standard requires that the articulated reasons must be supported by substantial reasons.  If there is no such support then the testimony must be accepted as true. *Hale*, 831 F.2d at 1012.

>The plaintiff's argument, in its entirety, is as follows.
>
>>In *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991), the Eleventh Circuit established that the pain standard also applies in cases involving subjective complaints other than pain.  *Id*.  In the case at bar, the ALJ appears to have applied the standard to the claimant's testimony regarding the symptoms of IBS.
>>In *Swindle v. Sullivan*, 914 F.2d 222 (11th Cir. 1990), as in the case at bar, the ALJ found the claimant's testimony of multiple subjective symptoms to be not fully credible.  *Id*.  As in *Swindle*, the ALJ in the case at bar dismounted the claimant's testimony regarding pain and other subjective symptoms, including diarrhea, frequent bathroom visits and vomiting, by making reference to certain objective findings regarding the claimant's condition in the medical records.  *Id*. at 226.

> In discounting her allegations of pain, the ALJ noted that in 1985 her treating physician found that she had a full range of motions in her joints and in 1988 Dr. Dohlman found her motor functions to be intact with no synovitis. Nevertheless, full range of motion, lack of synovitis, and intact motor function provide no evidence that Ms. Swindle's systemic lupus could not give rise to the pain in her loser (sic) extremities and the dizziness she describes. Therefore, we find that the ALJ's determination that her testimony regarding pain and dizziness is only partially credible is not supported by substantial evidence.
>
> In the case at bar, the ALJ discounted the claimant's testimony regarding pain, diarrhea, frequent bathroom visits and vomiting by referencing the claimant's weight gain and other factors.
> As in *Swindle*], the factors cited by the ALJ in this case do not provide evidence that the claimant's ABS could not give rise to such symptoms as testified to by the claimant. *Id*. The ALJ failed to properly apply the requisite pain standard.

(Pl's Br., doc. # 11 at p.6).

The court concludes that *Swindle, supra* is inapposite to this case because, unlike Swindle, objective medical findings such as weight gain directly contradict Glasscock's testimony that he suffered daily from diarrhea and/or constipation. (R. 36-38).

At the administrative hearing, Glasscock testified as follows.

Q:  Okay. You have significant abdominal digestive problems, right?
A:  Yes.
Q:  Okay. And you mentioned ulcerative colitis. You've also had diagnosis --
A:  Check --
Q:  – of irritable bowel syndrome?
A:  Yes.
Q:  How often are you having pain, or discomfort,, or diarrhea, other symptoms that you attribute to the abdominal problems?
A:  Well, I have abdominal pain every day.
Q:  Every day?

>    A:   Every day.
>
>            *          *          *
>
>    A:   And my stomach has been hurting lately.  And I also have been having pain sitting down, my hemorrhoids are getting worse or something.
>    Q:   And, and are you having significant diarrhea on a regular basis from this problem?
>    A:   I have diarrhea, constipation, it flip-flops.
>
>            *          *          *
>
>    Q:   Do you have periods of time where you're not experiencing those problems, the pain, the diarrhea, and the constipation?
>    A:   Very small golden moments.
>    Q:   For how long at a time are you free of the symptoms then?
>    A:   It seems like never.

(R. 35-38).

Glasscock testified that he has to use the bathroom six to ten times during an eight hour period of time, and he has diarrhea on average 12 days per month. (R. 38). Finally, he testified that although he takes mediation, it does not alleviate the pain.[5] (R. 37).

The ALJ recited Glasscock's testimony and compared it to the medical evidence. The ALJ acknowledged that Glasscock has IBS but the ALJ then concluded that Glasscock's testimony was not fully credible because "the record does not support his testimony regarding the frequency or severity of this symptoms." (R. 12). The ALJ also concluded that Glasscock's "subjective complaints, to the extent that they are inconsistent with the residual functional capacity assessment given below, are not substantiated by the record and are not

---

[5] The plaintiff does not identify the medication he takes for IBS.

credible." (R. 17). The ALJ considered Glasscock's testimony and the medical evidence of record, but discredited Glasscock's testimony as unsubstantiated by the medical record. (*Id*). If this were the extent of the ALJ's credibility analysis, the plaintiff might be entitled to some relief. However, a review of the totality of the ALJ's analysis demonstrates that the ALJ properly considered and discredited Glasscock's testimony.

> In July 2006, the claimant sought treatment for complaints of abdominal pain with nausea; he was diagnosed with IBS. He was assessed with irritable bowel syndrome with weight loss in August 2006. In June 2007, the claimant sought treatment for complaints of intestinal pain; he was diagnosed with IBS and ulcerative colitis. During treatment in August, 2007, the claimant was described as well developed and nourished with no evidence of chronic debility. In December 2007, the claimant sought treatment for complaints of "acute" severe abdominal pain. A CT of abdomen, pelvis and brain were negative. In April 2008, the claimant had complaints of flank pain. In January 2009, he had complaints of left abdominal pain.
>
> The claimant weighed 135 pounds in May 2006, 138 pounds in July 2006,131 in August 2006, 140 pounds in November 2006, 152 pounds in December 2006 and January 2007, 192 pounds in February 2008, 176 pounds in May 2008, 179 pounds in November 2008, and 172 pounds in May 2009.
>
> The claimant has been diagnosed with IBS. The record establishes that the claimant's IBS was symptomatic and causing weight loss following his alleged onset date of May 2006, however, he did not seek treatment for a related complaint from August 2006 until June 2007. He has sought sporadic treatment since June 2007. (Some treatment records are illigible (sic)). Since November 2006, he has gained and maintained his weight. Therefore, the record does not support his testimony regarding the frequency or severity of his symptoms; this testimony is not fully credible.

(R. 12-13)

Where an ALJ decides not to credit a claimant's testimony, the ALJ must articulate specific and adequate *reasons* for doing so, or the record must be obvious as to the credibility

finding. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Dept. of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "'the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.'" *Foote*, 67 F.3d at 1562, *quoting Tieniber*, 720 F.2d at 1255 (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court). The ALJ has discretion to discredit a plaintiff's subjective complaints as long as he provides "explicit and adequate reasons for his decision." *Holt,* 921 F.2d at 1223. Relying on the treatment records, objective evidence, and Glasscock's own testimony, the ALJ concluded that the plaintiff's IBS is capable of giving rise to some pain and other limitations, however not to the extent described by the plaintiff. Consequently, he discredited the plaintiff's testimony. After a careful review of the record, the court concludes that the ALJ's reasons for discrediting the plaintiff's testimony were clearly articulated and supported by substantial evidence.

The medical records support the ALJ's conclusion that while Glasscock's IBS could reasonably be expected to produce pain, Glasscock was not entirely credible in his description of his symptoms or his pain. For example, Glasscock testified that he suffered from frequent diarrhea and constipation. He testified that he has pain 28 days out of the month; that he is in a cycle of constipation and diarrhea "pretty much all the time." (R. 36-

37).  When he is in pain, the pain lasts all day.  (R. 38).

However, the medical records do not corroborate his testimony.  When Glasscock presented to the emergency room at Baptist Hospital in July 2006, he reported abdominal pain but no diarrhea. (R. 243).  Although Glasscock presented to the emergency room in June, May and February of 2006 and October 2005, he did not complain of abdominal pain, diarrhea or constipation.  (R. 247, 255, 263-67, 272-73).  In August 2005, Glasscock complained of abdominal pain and headaches, but reported that he did not suffer from diarrhea.  (R. 278-79).

During an consultative physical evaluation on March 16, 2007, Glasscock asserted he was unable to work due to mood changes.  (R. 332).  He denied weight loss or rectal bleeding associated with his IBS.  (R. 334).  Dr. Babb described him as "well-groomed, well-developed white male . . . in no acute distress."  (*Id*.)  Glasscock weighed 158 pounds.  (*Id*.)

In December 2007, Glasscock presented to Baptist Hospital's emergency room complaining of abdominal pain.  (R. 416-18). He did not report diarrhea.  In May 2008, Glasscock presented to Murphy Chiropractic Clinic complaining of low back pain. (R. 618).  He reported abdominal pain and excessive gas but did not complain about IBS.  (*Id*.)  Glasscock presented to the emergency room once in 2008 and four times in 2009 complaining of back pain, migraines or abdominal pain but he did not report diarrhea or constipation.  (R. 625-30, 644-53, 659-64, 675-75, 724).  Thus, the medical records do not support his testimony, and the court concludes that the Commissioner's decision to deny

Glasscock benefits is supported by substantial evidence.

To the extent that the plaintiff is arguing that the ALJ should have accepted his testimony regarding the frequency of his diarrhea and need to use the bathroom, as the court explained, the ALJ had good cause to discount his testimony. This court must accept the factual findings of the Commissioner if they are supported by substantial evidence and based upon the proper legal standards. *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

## V.  Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled. Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

A separate order will be entered.

Done this 30th day of June 2011.

                /s/Charles S. Coody
            CHARLES S. COODY
            UNITED STATES MAGISTRATE JUDGE